UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, FN2300108,<br><br>Petitioner,<br><br>v.<br><br>TINA NIETO, Monterey County Sheriff,<br><br>Respondent. | Case No. 23-cv-04406-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 3) |

**I.**

Petitioner, a pretrial detainee at the Monterey County Jail facing charges of criminal threats and vandalism,[1] has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2018 conviction from Monterey County Superior Court for "assault n battery" on police officers in the city of Greenfield, California. ECF No. 1 (Pet.) at 2 (sic in original). Petitioner was sentenced to "240 days" on the assault and battery conviction and released some time in "2018." Id. He seeks federal habeas review of the 2018 conviction and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 3) is GRANTED.

**II.**

"The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." Carafas v. LaVallee, 391 U.S. 234, 238 & n. 9 (1968) (citing 28 U.S.C. §§ 2241, 2242, 2243, 2244, 2245, 2249, 2252, 2254). It also requires that "the

---

[1] The court takes judicial notice from petitioner's other recent habeas filing that he is currently detained at the Monterey County Jail on charges of criminal threats and vandalism. See Valdez v. Mattke, No. 23-cv-03967-CRB (PR), slip op. at 1 (N.D. Cal. Oct. 31, 2023) (order dismissing petition for writ of habeas corpus).

habeas petitioner be 'in custody' under the conviction or sentence under attack at the time the petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citation omitted). A habeas petitioner who files a habeas petition after he has fully served his sentence and who is no longer subject to court supervision on that sentence is not "in custody" for the purpose of a federal court's habeas corpus jurisdiction. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Here, petitioner filed the instant federal habeas petition challenging his 2018 state court conviction on August 29, 2023, long after he fully served his sentence of 240 days and long after he ceased to be subject to court supervision of that sentence. This court accordingly lacks subject matter jurisdiction to entertain petitioner's federal habeas petition challenging his 2018 state court conviction and the petition must be dismissed. See id.

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging petitioner's expired 2018 state court conviction and sentence is DISMISSED for lack of "in custody" federal habeas jurisdiction.[2]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: October 31, 2023

_____
CHARLES R. BREYER
United States District Judge

---

[2] To whatever extent petitioner also seeks damages for alleged wrongdoing in connection with his 2018 prosecution and conviction for assault and battery, he must do so in a civil rights action under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

2